UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re

JET NETWORK, LLC,

    Debtor.
_____/

ALAN GOLDBERG, Chapter 7 Trustee for the estate of Jet Network, LLC,

    Plaintiff,

v.

26 NORTH AVIATION, INC.,

    Defendant.
_____/

Case No. 08-11165-BKC-RAM

CHAPTER 7

Adv. Pro. No. _____

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS
AND FOR OTHER RELIEF**

Plaintiff, Alan Goldberg ("Plaintiff" or "Trustee"), not individually, but as Chapter 7 Trustee for the estate of Jet Network, LLC (the "Debtor"), pursuant to Sections 544, 548 and 550(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Sections 726.101 *et seq*. of the Florida Statutes and Rule 7001 of the Federal Rules of Bankruptcy Procedure, hereby sues Defendant, 26 North Aviation, Inc. (the "Defendant"), to avoid and recover preferential and fraudulent transfers made to or for the benefit of Defendant, and, in support thereof, Plaintiff alleges as follows:

**THE PARTIES, JURISDICTION & VENUE**

1. On January 31, 2008 (the "Petition Date"), Whitney George, William Angrick, Charles Biederman, Donald Green, PJK Consulting, Inc., and Charles L. Davidson, filed an involuntary petition against Jet Network for the entry of an order for relief under Chapter 7, title

11 of the United States Code (the "Bankruptcy Code"). On February 27, 2008, this Court entered an Order for Relief against the Debtor.

2. Plaintiff is the duly appointed and acting Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Defendant is 26 North Aviation, Inc., whose principal place of business is located at 602 Hayden Circle, Allentown, PA 18109 and authorized to conduct business in the State of Florida.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed. R. Bankr. P. 7008(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. All conditions precedent to the filing of this action have been performed, waived, satisfied or have occurred.

## FACTS COMMON TO ALL CLAIMS

8. Jet Network, a Florida limited liability company, was founded in June, 2001. It was engaged in the business of brokering and assisting customers in obtaining private air transportation in exchange for a fee. The company mostly targeted high net-worth individuals and companies. Jet Network's business model focused on matching customers who required private air transportation with third parties who owned and/or operated private aircrafts. Jet Network originally provided *ad hoc* chartering services to its customer base for a fee, and later expended such service to offering its customers a Flight Card Program, whereby customers entered into written contracts with Jet Network to prepay future private jet air travel hours. While claims of creditors filed against the Debtor's estate currently total in excess of $27 million, the Debtor's assets at the time of the bankruptcy totaled no more than $119,805.

9. Prior to the Petition date, the Defendant received from the Debtor the transfers listed in **Exhibit A**, which are at issues in this case (the "Transfers").

10. At the time of the Transfers, among other badges of fraud, the Debtor was not paying federal excise taxes and was accumulating significant and crippling tax liabilities, the Debtor was not paying its debts as they became due, the Debtor was transferring funds to entities owned and controlled by insiders and did not receive reasonably equivalent value for the Transfers to the extent the Transfers were made to or for the benefit of another party not the Debtor.

## COUNT I
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548(a)(1)(A) and 550(a)

Plaintiff sues Defendant alleges:

11. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 11 as if fully set forth herein.

12. This is an action by Plaintiff against Defendant to avoid and recover all or part of the Transfers as fraudulent transfers made by the Debtor to Defendant pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a).

13. The Transfers constituted transfers of the Debtor's interest in property, and were made by the Debtor to or for the benefit of Defendant.

14. Plaintiff can avoid the Transfers as a property interest of the Debtor that is voidable by a creditor holding an unsecured claim.

15. To the extent the Transfers occurred within 2 years prior to the Petition Date, such Transfers were made by the Debtor to Defendant with the actual intent to hinder or delay present and future creditors of the Debtor.

16. Pursuant to Section 550(a) of the Bankruptcy Code, to the extent that all or part of the Transfers are avoided under 548(a)(1)(A) of the Bankruptcy Code, Plaintiff is entitled to

recover such Transfers or the value of such property from Defendant for whose benefit such transfers were made, or as immediate or mediate transferee of an initial transferee of such transfers.

WHEREFORE, Plaintiff demands the entry of judgment against Defendant: (i) avoiding all or part of the Transfers under 11 U.S.C. § 548(a)(1)(A); (ii) ordering a monetary award against Defendant in the amount of the avoided Transfers under 11 U.S.C. § 550(a) together with accrued prejudgment interest; (iii) ordering the payment of all costs and expenses incurred by the Trustee in regard to this action; (iv) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

## COUNT II
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### UNDER 11 U.S.C. §§ 548(a)(1)(B) and 550(a)

Plaintiff sues Defendant and alleges:

17.     Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 11 as if fully set forth herein.

18.     This is an action by Plaintiff against Defendant to avoid and recover all or part of the Transfers as fraudulent transfers made by the Debtor to Defendant pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a).

19.     The Transfers constituted transfers of the Debtor's interest in property, and were made by the Debtor to or for the benefit of Defendant.

20.     Plaintiff can avoid the Transfers as a property interest of the Debtor that is voidable by a creditor holding an unsecured claim.

21.     To the extent the Transfers occurred within 2 years prior to the Petition Date, the Debtor received less than a reasonably equivalent value in exchange for such transfers, and the

Debtor (i) was insolvent on the date that such transfers were made, or became insolvent as a result of such transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

22. Pursuant to Section 550(a) of the Bankruptcy Code, to the extent that all or part of the Transfers are avoided under 548(a)(1)(B) of the Bankruptcy Code, Plaintiff is entitled to recover such Transfers or the value of such property from Defendant for whose benefit such transfers were made, or as immediate or mediate transferee of an initial transferee of such transfers.

WHEREFORE, Plaintiff demands the entry of judgment against Defendant: (i) avoiding all or part of the Transfers under 11 U.S.C. § 548(a)(1)(B); (ii) ordering a monetary award against Defendant in the amount of the avoided Transfers under 11 U.S.C. § 550(a) together with accrued prejudgment interest; (iii) ordering the payment of all costs and expenses incurred in regard to this action; (iv) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

### COUNT III
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### UNDER 11 U.S.C. §§ 544(b) and 550(a) and Fla. Stat. § 726.105(1)(a)

Plaintiff sues Defendant and alleges:

23. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 11 as if fully set forth herein.

24. This is an action by Plaintiff against Defendant to avoid and recover all or part of the Transfers as fraudulent transfers made by the Debtor to Defendant pursuant to §§ 544(b) and 550(a) and Fla. Stat. § 726.105(1)(a).

25. The Transfers constituted transfers of the Debtor's interest in property, and were made by the Debtor to or for the benefit of Defendant.

26. Plaintiff can avoid the Transfers as a property interest of the Debtor that is voidable by a creditor holding an unsecured claim.

27. To the extent the Transfers occurred within 4 years prior to the Petition Date, such Transfers were made by the Debtor to Defendant with the actual intent to hinder or delay present and future creditors of the Debtor.

28. Pursuant to Section 550(a) of the Bankruptcy Code, to the extent that all or part of the Transfers are avoided under 544(b) of the Bankruptcy Code and Fla. Stat. § 726.105(1)(a), Plaintiff is entitled to recover such Transfers or the value of such property from Defendant for whose benefit such transfers were made, or as immediate or mediate transferee of an initial transferee of such transfers.

WHEREFORE, Plaintiff demands the entry of judgment against Defendant: (i) avoiding all or part of the Transfers under 11 U.S.C. §§ 544(b) and Fla. Stat. §§ 726.105(1)(a) and 726.108(1); (ii) ordering a monetary award in the amount of the avoided Transfers under 11 U.S.C. § 550(a) together with accrued prejudgment interest; (iii) ordering the payment of all costs and expenses incurred in regard to this action; (iv) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

**COUNT IV**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**UNDER 11 U.S.C. §§ 544(b) and 550(a) and Fla. Stat. § 726.105(1)(b)**

Plaintiff sues Defendant and alleges:

29. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 11 as if fully set forth herein.

30. This is an action by Plaintiff against Defendant to avoid and recover fraudulent transfers made by the Debtor to Defendant pursuant to §§ 544(b) and 550(a) and Fla. Stat. § 726.105(1)(b).

31. The Transfers constituted transfers of the Debtor's interest in property, and were made by the Debtor to or for the benefit of Defendant.

32. Plaintiff can avoid the Transfers as a property interest of the Debtor that is voidable by a creditor holding an unsecured claim.

33. To the extent the Transfers occurred within 4 years prior to the Petition Date, the Transfers were made by the Debtor to Defendant without receiving reasonably equivalent value in exchange for the transfers, and the Debtor (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond its ability to pay such debts as they became due.

34. Pursuant to Section 550(a) of the Bankruptcy Code, to the extent that all or part of the are avoided under 544(b) of the Bankruptcy Code and Fla. Stat. § 726.105(1)(b), Plaintiff is entitled to recover such Transfers or the value of such property from Defendant for whose benefit such transfers were made, or as immediate or mediate transferee of an initial transferee of such transfers.

WHEREFORE, Plaintiff demands the entry of judgment against Defendant: (i) avoiding all or part of the Transfers under under 11 U.S.C. §§ 544(b) and 550(a) and Fla. Stat. §§ 726.105(1)(b) and 726.108(1); (ii) ordering a monetary award in the amount of the avoided Transfers under11 U.S.C. § 550(a) together with accrued prejudgment interest; (iii) ordering the payment of all costs and expenses incurred in regard to this action; (iv) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

## Reservation of Rights

Plaintiff reserves the right to amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against any of the Defendants as may be warranted under the circumstances and allowed by law.

Dated on this February 24, 2010.

>
> GENOVESE JOBLOVE & BATTISTA, P.A.
> *Counsel for Plaintiff*
> Bank of America Tower
> 100 S.E. Second Street, 44th Floor
> Miami, Florida 33131
> Tel.: (305) 349-2300
> Fax.: (305) 349-2310
>
> By: /s/  Carlos E. Sardi
>   Gregory M. Garno, Esq.
>   Email: ggarno@gjb-law.com
>   Florida Bar No. 087505
>   Carlos E. Sardi, Esq.
>   Florida Bar No. 781401
>   Email:  csardi@gjb-law.com

| | | | | | |
|---|---|---|---|---|---|
| 9/13/2007 | 26 North Aviation | $29,823.24 | | | |
| 9/21/2007 | 26 North Aviation | $23,835.00 | | | |
| | | $53,658.24 | | | |